UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
BRANDON STERLING,

                         Plaintiff,

    - against -                                SECOND ORDER OF SERVICE

CORRECTION OFFICER PENNENGA,             No. 20-CV-10804 (CS)
SERGEANT J. PALLONE, DEPUTY
SUPERINTENDENT A. AKINYOMBO, JANICE
WOLFFRIEDMAN, M.D., JOSEPH AVANZATO,
M.D., and MARIAMNA BABY, N.P.,

                        Defendant.
-------------------------------------------------------------x

Seibel, J.

      Plaintiff, currently incarcerated in the Sullivan County Jail, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights while he was incarcerated in Fishkill Correctional Facility. By order dated March 9, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] On March 16, 2021, the Court dismissed the claims against the State of New York and the New York State Department of Corrections and Community Supervision because they were barred by the Eleventh Amendment. (Doc. 9 at 3.) The Court also ordered the New York State Attorney General to identify the names and addresses of the (unnamed) personnel in Plaintiff's Complaint who allegedly failed to provide Plaintiff with adequate medical treatment, and ordered Plaintiff to amend his Complaint within thirty days of receiving this information. (*Id.* at 4.)

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

On April 1, 2021, the Court received Plaintiff's Amended Complaint (dated March 29, 2021), in which Plaintiff named the above-captioned defendants. (Doc. 12 at 3.)[2]

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (courts must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the Amended Complaint until the Court reviewed the Amended Complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued. If the Amended Complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out U.S. Marshals Service Process Receipt and Return forms

---

[2] The Court does not know if the Attorney General provided the names sooner than the sixty days allotted in the Court's March 16, 2021 Order, or if Plaintiff was able to ascertain the names another way.

("USM-285 form") for Defendants.  The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

The Clerk of Court is further instructed to issue summonses for Defendants; complete USM-285 forms with the service addresses for Defendants; and deliver to the Marshal Service all documents necessary to effect service on Defendants.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

**SO ORDERED.**

Dated: April 12, 2021
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

**DEFENDANTS AND SERVICE ADDRESSES**

1. Correction Officer Pennenga
   Fishkill Correctional Facility
   18 Strack Drive
   Beacon, NY 12508

2. Sergeant J. Pallone
   Fishkill Correctional Facility
   18 Strack Drive
   Beacon, NY 12508

3. Deputy Superintendent A. Akinyombo
   Fishkill Correctional Facility
   18 Strack Drive
   Beacon, NY 12508

4. Janice Wolffriedman, M.D.
   Fishkill Correctional Facility
   18 Strack Drive
   Beacon, NY 12508

5. Joseph Avanzato, M.D.
   Fishkill Correctional Facility
   18 Strack Drive
   Beacon, NY 12508

6. Mariamna Baby, N.P.
   Fishkill Correctional Facility
   18 Strack Drive
   Beacon, NY 12508